
ATTEST:
A TRUE COPY CERTIFIED
Scott L. Poff, Clerk
United States District Court

*By crobinson at 4:44 pm, Mar 09, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JEREMY CALEB RYALS,

      Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

      Defendant.

CIVIL ACTION NO.: 2:18-cv-118

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Paul S. Carter ("the ALJ" or "ALJ Carter") denying his claim for supplemental security income. Plaintiff urges the Court to reverse and remand the ALJ's decision. Doc. 15 at 5. Defendant argues the Commissioner's decision should be affirmed. Doc. 16 at 13. For the reasons which follow, I **RECOMMEND** the Court **REMAND** this case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion. This remand under sentence four would terminate this Court's jurisdiction over this matter. Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

On July 16, 2015, Plaintiff protectively filed an application for supplemental security income on July 16, 2015, alleging he became disabled on January 3, 1993 due to a mild intellectual disability. Doc. 13-6 at 2 (R. 210); Doc. 13-7 at 12 (R. 236). After his claim was initially denied and upon reconsideration, Plaintiff filed a timely request for a hearing. On

March 14, 2018, ALJ Carter conducted a video hearing at which Plaintiff appeared and testified from Brunswick, Georgia. Dennis P. Conroy, a vocational expert, also appeared at the hearing. ALJ Carter found Plaintiff was not disabled within the meaning of the Social Security Act ("the Act") since July 16, 2013. Doc. 13-2 at 17 (R. 16). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. Id. at 2–4 (R. 1–3).

Plaintiff, born on January 3, 1993, was 25 years old when ALJ Carter issued his final decision. Id. at 23 (R. 22). Plaintiff has limited education[1] and is able to communicate in English. Id. Plaintiff has no past relevant work. Id.

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

---

[1] The record demonstrates Plaintiff graduated high school, though he initially received a special education degree, which he appealed. Doc. 15-1 at 3. Based on this, the ALJ determined Plaintiff had limited education. Doc. 13-2 at 19 (R. 18).

42 U.S.C. § 423(d)(2)(A). The Commissioner has established a five-step process to determine whether a person meets the definition of disability under the Act. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite his impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his

age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity since July 16, 2015, his application date.  Doc. 13-2 at 18 (R. 17).  At step two, ALJ Carter determined Plaintiff had borderline intellectual functioning, a condition considered "severe" under the Regulations, because it has "more than a minimal effect on" Plaintiff's ability to perform work-related activities.  Id. at 19 (R. 18).  At the third step, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment.  Id.   The ALJ found Plaintiff had the residual functional capacity to perform work at least at a medium exertional level, with the following exceptions: he can engage in no greater than unskilled level work or work involving casual contact with coworkers and the public without supervision; and he would be able to work in the same room with others for an eight-hour workday, based upon a forty-hour workweek, at two-hour intervals between breaks with 95% efficiency.  Id. at 21 (R. 20).  At step four, the ALJ determined Plaintiff could not perform any of his past relevant work, as he had no work experience.  Id. at 23 (R. 22).  The ALJ concluded at the fifth and final step that Plaintiff could perform the jobs of kitchen helper, counter supply worker, dining room attendant, garment sorter, stock clerk, or marker, all of which are jobs at the medium or light, unskilled exertional level and which exist in significant numbers in the national economy.[2]  Id. at 24 (R. 23).

---

[2]  Although the ALJ determined at step four that Plaintiff had the residual functional capacity to perform work at a medium exertional level, the ALJ nonetheless evaluated the availability of jobs at the medium and light exertional level at step five, ostensibly to address the possibility that Plaintiff's impairments might warrant a more limited residual functional capacity.  Doc. 13-2 at 24 (R. 23).

4

## II. Issues Presented

Plaintiff contends the ALJ erred in two ways: (1) by never mentioning or considering Dr. William Johnson's psychological evaluation of Plaintiff dated June 19, 2016; and (2) in failing to consider Plaintiff's MRI test results dated March 22, 2018. Doc. 15 at 2. Plaintiff claims this evidence, had it been considered, would support a finding that Plaintiff met or medically equaled a Listing. Id. at 4–5.

For the reasons discussed below, the Court finds merit in Plaintiff's contention the ALJ did not properly evaluate Plaintiff's MRI. Because remand is warranted on this basis, the Court will not address Plaintiff's other argument.[3] See Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (concluding that because one issue warranted remand, the court need not consider the remaining issues.).

## III. Standard of Review

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

---

[3] The Court notes, however, that Plaintiff's argument on appeal that the ALJ erred in not addressing Dr. Johnson's evaluation is undermined by his reliance on an outdated version of Listing 12.05. Further, it appears initially that Dr. Johnson's findings are largely consistent with, or even less favorable, than the ALJ's determination based solely upon Dr. Roth's evaluation. However, the Court does not resolve those issues here.

5

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV.     ALJ Carter's Consideration of Plaintiff's MRI

Plaintiff argues ALJ Carter failed to consider his MRI test results dated March 14, 2018. Doc. 15 at 2 (citing Doc. 13-2 at 32 (R. 31)). Plaintiff claims this evidence, had it been considered, would support a finding that he met or medically equaled a Listing. Id. at 4–5.

At the March 14, 2018 hearing, Plaintiff's attorney informed the ALJ that Plaintiff had an MRI scheduled for later that same day. Doc. 13-2 at 54 (R. 53). The MRI was to evaluate a back injury Plaintiff had recently sustained. Id. at 41 (R. 40). At the hearing, Plaintiff said this

injury occurred "a month" or "a few months" ago. Id. The ALJ told Plaintiff he would leave the record open for 30 days to allow Plaintiff to submit the results of the upcoming MRI. Id. at 54 (R. 53). Plaintiff's attorney sent ALJ Carter the MRI results and informed him of the submission via letter on March 22, 2018. Doc. 15 at 3 (citing Doc. 13-2 at 31 (R. 30)). Notably, this MRI includes various diagnoses, include a diagnosis of severe stenosis at various locations in Plaintiff's back. Id.

In his decision, issued on March 28, 2018, ALJ Carter discussed Plaintiff's back. Doc. 13-2 at 22 (R. 21). The ALJ noted Plaintiff's past complaints and highlighted a March 3, 2018 physical examination. Id. The ALJ found this examination "revealed essentially normal findings aside from subjective complaints of pain with flexion and range of motion testing, though actual range of motion was not limited." Id. The ALJ stated Plaintiff was referred to a local orthopedist, but in issuing his decision, said "no records from [the local orthopedist] have been submitted." Id. In a footnote later in the decision, the ALJ explained he did not find Plaintiff's recent back injury to be severe but provided examples of jobs that exist and significant levels in the national economy consistent with Plaintiff's medium exertional level and, out of an abundance of caution in light of Plaintiff's claimed injury, a light exertional level. Id. at 24 (R. 23). In incorrectly stating that no records had been received from a local orthopedist, the ALJ demonstrated he failed to consider Plaintiff's recent MRI.

Defendant argues this omission does not warrant a remand. Doc. 16. at 7–13. First, Defendant argues the ALJ is not required to specifically discuss every piece of evidence he considered. Id. at 8. Although Defendant is generally correct, the ALJ has made it clear he did not consider Plaintiff's most recent MRI, and, indeed, incorrectly stated that no such records had been submitted. Doc. 13-2 at 22 (R. 21). Next, Defendant argues that, even if the ALJ had

considered any diagnosis made in the MRI report, a diagnosis alone does not establish any functional limitation. Doc. 16 at 8. While it may be true a diagnosis "alone" will not establish any particular functional limitation, a diagnosis from an examining physician could reasonably contribute to finding a functional limitation. Based on the record here, the Court cannot say that the diagnoses in Plaintiff's March 14, 2018 MRI could not contribute to the ALJ finding a functional limitation. Defendant then argues that, if the ALJ had assessed Plaintiff's MRI and found his back injury to be severe, such a finding would not change the ALJ's decision, as Plaintiff's residual functional capacity would still be the same. Id. at 10. This argument assumes Plaintiff's residual functional capacity could only change from a medium exertional level to a light exertional level, both of which the ALJ considered. However, the Court cannot endorse this assumption, as it is not it a position to evaluate medical records and come to conclusion based upon them.

On the record before it, the Court cannot effectively ensure the ALJ considered Plaintiff's entire medical condition. As the Eleventh Circuit has explained:

> Where we cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the [Commissioner]'s regulations as construed by this circuit, we cannot effectively perform our duty to ensure that the proper regulatory requirements were in fact applied. We do not require that ALJs necessarily cite to particular regulations or cases; nor do we require the use of particular phrases or formulations. But in order to make our review meaningful, we must be able to determine what statutory and regulatory requirements the ALJ did in fact apply—where we cannot do that we must vacate and require a remand to the [Commissioner] for clarification.

Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). Accordingly, this case should be remanded for the ALJ to consider Plaintiff's March 14, 2018 MRI report.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion. This remand under sentence four would terminate this Court's jurisdiction over this matter. Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA